■ REGINA YOUNG et al., Appellants, v. GLENN A. PORTER, Respondent.— Judgment and order unanimously modified on the law and facts and in the exercise of discretion to the extent of granting a new trial solely on the issue of damages and as so modified affirmed, with costs to appellants. Memorandum:

While defendant was operating his automobile in a westerly direction and making a left turn at an intersection his car struck plaintiff Mrs. Young, age 43, who was walking in an easterly direction on the southerly crosswalk and was near the center of the street. Plaintiff sustained injuries to her left side from her hip to her knee. She saw a doctor the next day and was treated by him over a period of 11 months. She was also referred to another doctor for an orthopedic examination. This doctor prescribed a rib belt which she wore for six months. Her doctor testified that she was disabled from carrying on her employment for seven weeks. At the time of the accident plaintiff was employed earning $50 per week. She lost $350 in wages. Her doctor also testified that he saw her the day following the accident and upon examination found multiple contusions and abrasions on the left side and muscle spasm in the cervical, dorsal and lumber areas. He gave her short wave diathermy, ultrasound, osteopathic manipulation, sedation as required and suggested external heat whenever necessary. He also referred her to another doctor for orthopedic examination and discharged her after 11 months. He testified that the amount of $328 for his services and the charges of $35 for the orthopedic examination and $40 for X rays were fair and reasonable. The husband's actual expenses totaled $403. The defendant offered no medical testimony and did not dispute plaintiff's loss of earnings of $350. ¶ The questions of negligence and freedom from contributory negligence were fully and fairly tried. They were properly submitted to the jury and the verdict on the issue of liability is supported by the evidence. Furthermore, upon argument of this appeal counsel for defendant did not dispute liability but merely contended that the verdicts were adequate. ¶ In our opinion, after considering the record as a whole, the verdicts of $825 for Mrs. Young and $175 for her husband's derivative cause of action are inadequate. (Appeal from judgment and order of Chautauqua Trial Term, in automobile negligence action.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.